## KIRBY v. GAY.*

(Division A.  Nov. 17, 1924.)

[101 So. 705.  No. 24314.]

WATERS AND WATER COURSES.  *In determination of size of pipes for
distribution of artesian well water in certain proportions, facts
as to resistance must be shown.*

    In determining the size of pipes for distribution of artesian well
water in certain proportions, the rule that the capacity of one
pipe is to the capacity of another pipe as the square of their
*radii* must be applied, in view of the relative resistance to be
encountered by the separate streams, and hence the facts as to
such resistance must be shown.

---

*Headnote 1.  Waters, 40 Cyc, p. 764.

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Action between J. A. Kirby and F. S. Gay. From decree rendered, the former appeals. Reversed and remanded, with directions.

*W. T. Moore* and *R. H. Kirby,* for appellant.

There is no substantial conflict in the material evidence produced on the trial of this case. We are mindful of the elementary rule that the supreme court should not reverse a chancellor on a finding of fact unless those findings are clearly wrong. We respectfully submit that the finding of the chancellor, first, that the well is a "three inch well" is clearly and manifestly wrong and against the preponderance of the testimony and is contradicted by an established and elementary principle of physics and by the uncontrovertible physical facts attending the drilling of the well as shown by the evidence; and second, by a one and one-half inch connection below the two and one-half inch "reducer" or outlet, when it is clearly manifest from, and shown by the clear and uncontradicted testimony and admitted by the appellee himself that a one and one-fourth inch pipe connection from the two and one-half inch "reducer" or outlet would give him one-fourth of the water from said well, is clearly and manifestly wrong and against the weight and preponderance of the evidence.

Nature's unchanging and unchangeable laws and unvarying and invariable principles of mechanics, physics or the like, cannot be turned aside by the findings of a court, even if there is a judicial suggestion that there may be a reasonable doubt in respect thereto. This principle is laid down in 2 R. C. L., secs. 171, 202.

The undisputed testimony of all of the witnesses as shown by the record is that the flow from the nine hun-

dred-foot strata of water was greater than that from the seven hundred-foot strata, it being testified as a fact that at the seven hundred-foot level the flow was only forty or fifty gallons per minute, while at the nine hundred-foot level the flow was from one hundred twenty-five to one hundred fifty gallons per minute. It is also the undisputed testimony of all witnesses that the intake at the nine hundred-foot level or strata is two and one-half inches in diameter.

It is the uncontradicted testimony of all witnesses that a one and one-fourth inch connection with this well applied to the two and one-half inch outlet or "reducer" would give the appellee, Gay, twenty-five per cent or one-fourth of the flow of the water from said well.

*Mize & Mize,* for appellee.

Appellee filed a bill claiming that he was entitled to a two-inch connection on the well and to one-fourth of the water from the well; and, upon appellant's answer coming, proof was taken; and there was much contention, *pro* and *con,* as to whether the well was a two and one-half inch well or a four-inch well, the well for seven hundred feet being a four-inch hole and for two hundred feet being a two and one-half inch hole; and the court, after hearing all the evidence in the case, and going into the physics of the matter, decided that it was a three-inch well, as a happy medium between the four inch well for seven hundred feet and the two and one-half inch well for two hundred feet, and further decided that appellee was entitled to one-fourth of the flow from the well and to a one and one-half inch pipe connection below the reducer to give him this one-fourth of the flow from the well.

The court will see that many experts on physics as applied to wells testified as to the caliber of a well where it

was four inches in diameter at the top and two and one-half inches at the bottom. We find no case in the law books like this, and we find no physicist or engineer that will agree with another as to the size of the well. From the capacity of the well, as finally brought in, it seems that both parties are getting all the water they desire, and it is immaterial what kind of a pipe connection is put on the well so appellant gets his three-fourths and appellee gets his one-fourth and does not get over one-fourth, and the court seems to have provided against that in about as effective a manner as could be arrived at, and we submit that the appellant cannot be hurt by the court's decision.

We are unable to appreciate appellant's contention and argument on the size of the pipe. Appellee is entitled to one-fourth of the flow from the well, and the court's decision gives him this, and we fail to see how the appellant can be prejudiced by a one and one-half inch pipe connection below the reducer as against a one and a one-quarter inch pipe connection, because in reality how much water is used does not depend so much on the size of the pipe as upon how long it is allowed to flow.

So the mountain in the landscape is that the appellee is entitled to one-fourth of the flow of the water from the well, whatever size well was obtained, and the court below, who seems to be considerable of a physicist himself, after hearing the testimony of all of the experts, figured out that a one and one-half inch pipe connection on this particular well, below the reducer, would give appellee the one-fourth of the flow from the well that he is entitled to under the contract.

HOLDEN, J., delivered the opinion of the court.

This appeal is from a decree of the chancery court of Harrison county, in which the chancellor adjudicated the

size of pipe that the appellee should have, in order to receive one-fourth of the water produced by an artesian well.

There is no question of law presented by the facts in this record, since the parties litigant seem to have agreed as to their mutual rights in the premises, in so far as being entitled to receive water from the well in question is concerned, the only question left for decision being what size of pipe must be used, under existing conditions, to correctly distribute the water afforded by the well, in the proportion of three-fourths to the appellant and one-fourth to the appellee.

The chancellor reached a conclusion in his decree which we do not think can be sustained by the facts in evidence, since the solution of such a question must necessarily depend upon certain well-established, scientific facts and rules, the result of which is influenced by other collateral facts, such as are not disclosed by this record.

As we see it, the depth of the well, the size of the well, the variation in the size of the pipe between the source of the flow and the point of discharge, are not material to the issue, as we think the capacity of the well, and the size of the pipe at the point of discharge, have remained constant, and, therefore the proportion in which the water actually produced is distributed is the sole question for determination in this case.

The well-recognized rule for determining the relative capacities of pipes is:

"The capacity of one pipe is to the capacity of another pipe as the square of their radii."

This rule is deduced from the equally well-established and recognized rule that "the capacity of a pipe is determined by the area of the circle described by a cross-section of the pipe," and, since the area of a circle is pi (3.1416) times the radious square, then the correctness of the rule first announced for establishing the relative

Kirby v. Gay.

capacity of two pipes conforms to this same theory, and will always result in practice, as correctly admitted by the witnesses for both the appellant and appellee in the lower court, in a pipe of a given diameter discharging one-fourth as much liquid under the same pressure as another pipe of twice the diameter of the first one.

When the foregoing rule is considered, together with "Pascal's Law," which is, "Liquids transmit pressure equally in all directions, and this acts at right angles upon the surface pressed," then it is at once apparent that the proper way to determine the relative amount of water discharged at a given point under a given pressure must be determined by the relative size of the pipes through which the water is to be discharged.

If the question here presented only involved the distribution of the water discharged into open vessels, then the solution would be simply that a pipe one and one-fourth inches in diameter would discharge one-fourth of the water flowing through a pipe two and one-half inches in diameter, when the point of discharge was of equal elevation, and met with the same resistance; but, since the resistance to be overcome by the discharged water as indicated by the record, consists of pipes conducting the water into the residences, and probably other parts of the premises of the litigants, then the rules herein announced would vary in their application according to the relative resistance to be encountered by the separate streams discharged from the well, such as relative elevation of discharge, etc.

This record does not disclose these important additional facts; and therefore neither the chancellor nor this court could reach a correct conclusion on this question without the aid of this additional information, and therefore the cause is reversed, and remanded for a new trial, in order that these important additional facts may be ascertained, and a decree rendered in accordance with

the rules hereinbefore announced, as applied to the conditions as they may exist, or as contemplated in the use of the water by the respective parties.

*Reversed and remanded.*